E-FILED
Tuesday, 27 December, 2005  03:13:45 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | Case No. 05-CR-20041 |
| ) | |
| DARNELL C. BILLINGS, ) | |
| ) | |
| Defendant. ) | |

**OPINION**

This case is before the court for ruling on various pre-trial motions filed by Defendant, Darnell C. Billings. This court has carefully considered the arguments presented by Defendant and the Government's Response. Following this careful review, this court rules as follows: (1) Defendant's Motion for Production of Brady Materials (#12) is DENIED as moot; (2) Defendant's Motion to Require Notice of Intent to Use "Other Crimes" Evidence (#13) is MOOT; (3) Defendant's Motion for Rule 16 Discovery (#14) is DENIED as moot; (4) Defendant's Motion in Limine (#15) is GRANTED in part and DENIED in part; and (5) Defendant's Motion for Evidentiary Hearing Regarding Nature of Alleged Cocaine Seized (#16) is DENIED.

BACKGROUND

This case was commenced on February 10, 2005, when a Criminal Complaint (#1) was filed which stated that, on September 2, 2004, Defendant was involved in a controlled buy and provided a confidential source with 88.5 grams of crack cocaine. Defendant was arrested in the Northern District of Illinois on August 5, 2005, and was ordered detained. On August 19, 2005, Karl W. Bryning of the Federal Defender's office was appointed to represent Defendant. On August 22, 2005, the Government filed a Notice of Prior Convictions (#5) which listed two prior convictions of Defendant "which may qualify as a basis for a sentencing enhancement." The Notice showed that

Defendant had been convicted of the following prior offenses:

> State of Illinois v. Darnell Billings, No. 97-CF-1030, Champaign County; Manufacture/delivery of controlled substance (Count 1); possession of cannabis (Count 2); possession of controlled substance (Count 3). Date of conviction: 10/31/1997.
>
> State of Illinois v. Darnell Billings, No. 98-CF-356, McLean County; Manufacture/delivery of narcotic drug schedule III. Date of conviction: 6/1/2000.

According to the Government, because of these convictions, Defendant faces a mandatory sentence of life imprisonment.

A detention hearing was held on August 26, 2005, and Defendant was ordered to be detained pending trial. On September 8, 2005, Defendant was charged by indictment with knowingly and intentionally distributing a controlled substance, namely, 50 or more grams of a mixture or substance containing cocaine based (crack), a Schedule II controlled substance, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A). The indictment alleged that the offense occurred on or about September 2, 2004.

On November 7, 2005, Defendant filed his pre-trial motions (#12, #13, #14, #15, #16). The Government filed its Consolidated Response to Defendant's Pre-Trial Motions (#18) on December 6, 2005. The motions are fully briefed and ready for ruling.

## MOTIONS FOR DISCOVERY

Defendant filed a Motion for Production of Brady Materials (#12) and a Motion for Rule 16 Discovery (#14). In his Motion for Production of Brady Materials, Defendant sought an order from this court directing the Government to disclose all evidence "which would tend to mitigate, in any

way, the guilt of the Defendant or would help to establish a defense, in whole or in part, to the allegations of the Bill of Indictment, or would help the Defendant avoid conviction or mitigate punishment." Defendant listed 14 types of evidence that he was seeking. In his Motion for Rule 16 Discovery, Defendant sought an order directing the Government to comply with his discovery requests for various additional types of information.

In its Consolidated Response (#18), the Government stated that it is fully aware of its Rule 16 and Brady obligations and intends to comply with them. The Government noted that Defendant's Motions, which appeared to be simply form motions, do not suggest that any discovery materials have been withheld. The Government argued that these Motions should be denied as moot.

This court accepts the Government's representation that it will comply with its obligations under Rule 16 and Brady v. Maryland, 373 U.S. 83 (1963). Accordingly, this court agrees that Defendant's Motions (#12, #14) should be denied as moot.

## MOTION REGARDING "OTHER CRIMES" EVIDENCE

In his Motion to Require Notice of Intent to Use "Other Crimes" Evidence (#13), Defendant asked that this court enter an order requiring the Government to give notice to Defendant of its intent to use evidence described by Rule 404(b) of the Federal Rules of Evidence at trial. In its Consolidated Response, the Government stated that "[u]nless the defendant opens the door to his prior acts," it does not intend to introduce Rule 404(b) evidence in its case-in-chief. The Government further stated that it may, however, seek the court's approval to introduce Defendant's prior drug convictions as appropriate impeachment or rebuttal evidence.

This court concludes that the Government has responded to Defendant's request for notice and has clearly stated that it does not intend to introduce Rule 404(b) evidence in its case-in-chief. Accordingly, this court concludes that Defendant's Motion (#13) is MOOT.

## MOTION IN LIMINE

In his Motion in Limine (#15), Defendant stated that he has reason to believe that, if he elects to testify at trial, the Government will seek to introduce his two prior drug convictions for the purpose of impeaching his credibility under Rule 609(a) of the Federal Rules of Evidence. Defendant argued that, in today's political and social climate where the "war on drugs" is being waged on all fronts, the substantial prejudice that flows from evidence of Defendant's prior drug convictions far outweighs any probative value that such convictions may have for impeachment purposes. Defendant further argued that the similarity of the charged offense with the offenses Defendant was previously convicted of "poses the enormous risk that a limiting instruction will not adequately safeguard the Defendant's right to a fair trial, and that the jury will, in fact, consider that evidence for the improper purpose as proof that the Defendant has a propensity to commit such criminal acts." Defendant further contended that his testimony is critical to his defense that he did not possess the alleged controlled substances. Defendant requested an order barring the Government from introducing evidence of his prior felony convictions to impeach his testimony if he elects to testify at trial, or, in the alternative, barring the Government from referring to or mentioning the name or nature of his prior felony convictions.

In its Consolidated Response, the Government argued that it should be allowed to impeach Defendant's credibility with his two prior drug distribution convictions. The Government contended that, given the centrality of Defendant's testimony, the jury has the right to know at least the fact of his two convictions, if not their identity and nature.

Rule 609 provides that, for purposes of attacking a defendant's credibility, "evidence that the accused has been convicted of a crime within ten years of the present offense punishable by more than one year in prison shall be admitted if the court determines that the 'probative value of

admitting this evidence outweighs its prejudicial [effect]." Rodriquez v. United States, 286 F.3d 972, 983 (7th Cir. 2002); see also United States v. Smith, 131 F.3d 685, 687 (7th Cir. 1997); United States v. Hernandez, 106 F.3d 737, 739 (7th Cir. 1997). Some of the factors a district court should consider when weighing prejudice against probative value are: (1) the impeachment value of the prior crime; (2) the point in time of the conviction and the defendant's subsequent history; (3) the similarity between the past crime and the crime charged; (4) the importance of the defendant's testimony; and (5) the centrality of the credibility issue. United States v. Gant, 396 F.3d 906, 909 (7th Cir. 2005); Rodriguez, 286 F.3d at 983; Smith, 131 F.3d at 687; Hernandez, 106 F.3d at 739-40; United States v. Causey, 9 F.3d 1341, 1344 (7th Cir. 1993). These factors are a guide to the discretion of the district court, and it is within the discretion of the court to decide whether to admit the evidence. Hernandez, 106 F.3d at 740.

In this case, both of Defendant's prior convictions are well within the ten year limit established by Rule 609(b). See Fed. R. Evid. 609(b). The question before this court, therefore, is whether the probative value of the evidence outweighs its prejudicial effect. In considering the relevant factors, this court notes that the impeachment value of the evidence is somewhat limited because Defendant's prior drug convictions are not convictions for crimes involving dishonesty or false statement. However, the idea underlying Rule 609, whether right or wrong, is that criminals are more likely to testify untruthfully. Gora v. Costa, 971 F.2d 1325, 1330 (7th Cir. 1992), citing Campbell v. Greer, 831 F.2d 700, 707 (7th Cir. 1987). Rule 609 embodies "[t]he proposition that felons perjure themselves more often than other, similarly situated witnesses." Charles v. Cotter, 867 F. Supp. 648, 656 (N.D. Ill. 1994), quoting Campbell, 831 F.2d at 707. Moreover, the Seventh Circuit has specifically stated that "[t]he jury has a right under the law to hear that any witness, whether it is the defendant or not, has a felony record that is or can be considered to be impeaching."

United States v. Toney, 27 F.3d 1245, 1253-54 (7th Cir. 1994). Based upon this precedent, this court agrees with the Government that Defendant's prior convictions are probative evidence of his credibility. This court further notes that, in considering other relevant factors, there is no dispute that Defendant's testimony will be important in this case and that Defendant's credibility will be the central issue if Defendant elects to testify. This court therefore concludes that the probative value of Defendant's prior convictions for impeachment outweighs the prejudicial effect of presenting the evidence to the jury. See Gant, 396 F.3d at 910.

This court agrees with Defendant, however, that the offenses Defendant was previously convicted of are very similar to the crime charged in this case, and that this fact could cause the jury to improperly consider the evidence as evidence showing Defendant's propensity to commit the crime charged. Therefore, this court, in exercising its discretion, will grant Defendant's alternative request and will preclude the Government from referring to or mentioning the name or nature of Defendant's prior felony convictions. Accordingly, if Defendant testifies at trial, the Government will be allowed to present evidence, for impeachment purposes, that Defendant was convicted of a felony in 1997 and again in 2000. The Government will not be allowed to introduce evidence regarding the nature of these prior convictions. Therefore, Defendant's Motion in Limine (#15) is GRANTED in part and DENIED in part.

MOTION FOR EVIDENTIARY HEARING

In his Motion (#16), Defendant requested that this court schedule an evidentiary hearing regarding the nature of the alleged cocaine seized in this case. Defendant argued that such a hearing is necessary based upon the Seventh Circuit's decision in United States v. Edwards, 397 F.3d 570 (7th Cir. 2005), in which the court stated that "[a]ll crack is cocaine base but not all cocaine base is crack." Edwards, 397 F.3d at 571. Defendant noted that the distinction between crack and other

forms of cocaine is crucial for sentencing purposes because of the enhanced penalties under 21 U.S.C. § 841(b). Defendant asserted that the "difference between 'crack,' a street name of a particular form of cocaine base, and other forms of cocaine base, such as powder cocaine, is a matter of chemical composition which can be determined at an evidentiary hearing."

In its Consolidated Response (#18), the Government first noted that Defendant cited absolutely no authority for the proposition that he may seek a "try-out" on the drug-type issue prior to trial. The Government then argued that, it is clear under the Supreme Court's decisions in Apprendi v. New Jersey, 530 U.S. 466 (2000), and Blakely v. Washington, 542 U.S. (2004) that drug types and amounts, to the extent that they affect the statutory maximum sentence, are "events" which must be charged in the indictment and admitted by the defendant or proven to a jury beyond a reasonable doubt. See United States v. Nance, 236 F.3d 820, 824-25 (7th Cir. 2000) (noting the change in the law after Apprendi). The Government noted that the "identity of the cocaine will determine whether the defendant faces [a] mandatory life sentence and is therefore an event that has been charged in the indictment and must be presented to a jury for determination beyond a reasonable doubt." The Government further argued that the law is clear that, if a defendant is entitled to a jury trial, a defendant cannot have a bench trial unless the defendant waives a jury trial in writing, the Government consents, and the court approves. See Fed. R. Crim. P. 23(a); Singer v. United States, 380 U.S. 24, 34 (1965) ("there is no federally recognized right to a criminal trial before a judge sitting alone"). The Government contended that Defendant's motion is equivalent to a request for a partial bench trial on the drug-type issue, a request that he has no right to make under the reasoning of Singer.

This court agrees with the Government that there is no basis for holding the type of evidentiary hearing Defendant has requested in this case. This court is at a loss as to what kind of

a ruling it could make even if such a hearing were held. This court could not make a finding that the controlled substance at issue is or is not crack. Unless Defendant enters a plea of guilty, this issue must be presented to the jury at trial, and the jury must be satisfied that the Government proved, beyond a reasonable doubt, that the controlled substance is crack. It is clearly not the role of this court to make factual findings regarding the Government's evidence prior to trial.

IT IS THEREFORE ORDERED THAT:

(1) Defendant's Motion for Production of Brady Materials (#12) is DENIED as moot.

(2) Defendant's Motion to Require Notice of Intent to Use "Other Crimes" Evidence (#13) is MOOT.

(3) Defendant's Motion for Rule 16 Discovery (#14) is DENIED as moot.

(4) Defendant's Motion in Limine (#15) is GRANTED in part and DENIED in part.

(5) Defendant's Motion for Evidentiary Hearing Regarding Nature of Alleged Cocaine Seized (#16) is DENIED.

(6) This case remains scheduled for a hearing on Defendant's Motion to Continue (#19) on December 28, 2005, at 1:30 p.m.

ENTERED this 27th day of December, 2005

**s/ Michael P. McCuskey**
MICHAEL P. McCUSKEY
CHIEF U.S. DISTRICT JUDGE